IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case no. 2:09cv852-EAS-NMK |
| | ) |
| JOHN ALLEN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO JOHN ALLEN'S AFFIDAVIT TO DISMISS CASE AND QUASH SUMMONS**

The United States of America, replies in support of its petition to enforce an Internal Revenue Service administrative summons issued to John Allen. Because the United States has made its prima facie case showing that the summons should be enforced and Allen has no valid objection to the enforcement of the summons, the United States requests that the Court enter an order enforcing the IRS administrative summons issued to John Allen.

**1. The United States has made a showing that the summons is valid and enforceable and the Court should therefore enforce the summons.**

In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Courts have explained that the government bears the initial burden to show a prima facie case for enforceability of the summons under the standards set forth in *Powell*. The burden on the government to establish its prima facie case is "slight." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004); *United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984).

"The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons." *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) (citations omitted). Once the IRS establishes a prima facie case, the burden shifts to the taxpayer. The taxpayer may rebut the prima facie case by either refuting one of the *Powell* factors established by the IRS or by showing that the enforcement of the summons would be an "abuse" of the judicial process. *Robert*, 364 F.3d at 996; *Claes*, 747 F.2d at 494. Importantly, the courts describe the taxpayer's burden as "a heavy one." *See id*.

In this case, Revenue Agent James Farley has given a declaration which establishes all four *Powell* elements. (*See* Declaration of Revenue Agent James Farley ("Farley Decl.").) This declaration more than satisfies the slight burden on the government to establish a prima facie case for enforcement of the summonses.

      **a.**    **The summons was issued for a proper purpose.**

The first prong of the *Powell* analysis is whether a summons was issued for a proper purpose. It is proper to issue a summons to verify the correctness of the taxpayer's tax return, to determine a taxpayer's tax liabilities, to prepare tax returns if they were not filed where the filings of such returns were required by law, and/or to locate sources of collection to satisfy an unpaid tax liability. 26 U.S.C. § 7602(a). The Internal Revenue Code also expressly provides that a summons may be issued for the purpose of inquiring into any offense connected with the administration or enforcement of internal revenue laws. 26 U.S.C. § 7602(b).

The declaration of Revenue Agent Farley establishes that the purpose of his investigation is to determine whether John Allen is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and 6701 during the period from January 1, 2005 through the present. (Farley Decl. ¶ 2.)

Therefore, the summonses were issued for a proper purpose.

### b. The summoned records are relevant to the purpose.

The second prong of the *Powell* analysis is whether the summoned records are relevant to the purposes of the IRS investigation. The United States Supreme Court held that "an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court." *Arthur Young*, 465 U.S. at 814. Rather, 26 U.S.C. § 7602(a)(1) indicates that the summons may issue for documents which "*may be* relevant." (Emphasis added.) The *Arthur Young* Court explained that "[t]he language 'may be' reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." *Arthur Young*, 465 U.S. at 814. This is because the IRS "can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized." *Id*. Therefore, the IRS is not "required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense." *Id*.

In this case, it is beyond debate that the requested records may be relevant. Specifically, the records may show what plans or arrangements Allen may be marketing, which customers have purchased the plans or arrangements, and the income received by Allen in connection with these plans or arrangements. (Farley Decl. ¶ 10.) It is necessary to obtain the testimony and to examine the books, records, papers, or other data sought by the summons in order to determine whether Allen is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and 6701 during the period from January 1, 2005 through the present. (*Id*. at ¶ 10.) Thus, the second prong of the *Powell* analysis is met.

### c. The IRS does not possess the records.

The third prong of the *Powell* analysis is whether the records are currently in possession of the IRS. In this case, the declaration of Revenue Agent Farley establishes that the records requested in the summonses are not within the possession of the IRS. (*Id*. at ¶ 6.) Therefore, the third prong of the *Powell* test is satisfied.

### d. All administrative steps have been followed.

The final prong of the *Powell* analysis is whether all administrative steps have been followed. The declaration of Revenue Agent Farley states, "All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken." (*Id*. at ¶ 7.) Moreover, the declaration establishes that Revenue Agent Farley properly served a copy of the summons on Allen by leaving a copy at his last and usual place of abode, as required by 26 U.S.C. §§ 7602, 7603, and 7609. (*Id.* at ¶ 4.) Additionally, no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Allen. (*Id*. at ¶ 8.) Based on the foregoing, the summons is valid and enforceable and the Court should enter an order enforcing the summons issued to John Allen.

### 2. Allen's claims are meritless and do not rebut the Government's *prima facie* showing for enforcement of the summons.

Because the government has established a prima facie case for enforcement of the summons, the burden is on Allen to "either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006) (quoting *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)); *LaSalle Nat'l Bank*,

437 U.S. 298, 316 (1978); *United States v. Rinehart*, 539 F.Supp.2d 1334, 1336 and n. 4 (W.D. Okla. 2008). Allen's burden is heavy and requires more proof than that which is required for the government to establish a prima facie case. *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996) (citing *LaSalle Nat'l Bank*, 437 U.S. at 316). Allen "must factually oppose the Government's allegations by affidavit." *United States v. Garden State Nat. Bank*, 607 F.2d 61, 71 (3d Cir. 1979). Looking at Allen's "Affidavit" and the unsupported claims that he makes, he provides no evidence to disprove that the summons was issued for a valid purpose or that enforcement of the summons would constitute an abuse of the court's process.

In his Affidavit, Allen raises several frivolous jurisdictional arguments and other meritless assertions regarding the summons issued on February 13, 2009, including that the Court lacks jurisdiction, that this action is not brought by the real party in interest, and that Allen is immune from suit pursuant to the Eleventh Amendment. Jurisdiction over this proceeding is conferred by 26 U.S.C. §§ 7402 and 7604(a) and by 28 U.S.C. §§ 1340 and 1345, as stated in the Petition. This suit was properly brought by the United States. Additionally, the "courts, and not the IRS, are authorized to enforce this summons power." *Monumental Life Ins. Co.*, 440 F.3d at 733 (citing *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982)).

Allen falsely asserts that the United States has no authority to issue the summons. As stated in the Petition and the declaration of Revenue Agent Farley, Revenue Agent Farley is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602 and Treasury Regulation Section 301.7602-1, 26 C.F.R. § 301.7602B1, and the summons issued to Allen was issued in accordance with 26 U.S.C. § 7602. (*See* Petition ¶ 3;Farley Decl. ¶ 3.) The summons, therefore, was properly issued.

In addition, Allen claims that he has not violated any regulations pertaining to alcohol, tobacco or firearms activities. Such an assertion is irrelevant and courts have consistently rejected this argument in actions brought under the Internal Revenue Code. *See United States v. Bell*, 79 F.Supp.2d 1169, 1175 E.D. Cal. 1999 (citing *In re Gdowik*, 228 B.R. 481 (S.D. Fla. 1997) and *United States v. Ross*, 52 F.3d 329, 1995 WL 218539 (7th Cir. 1995) (rejecting as frivolous argument that because 26 U.S.C. § 7602 of the Internal Revenue Code is paired with regulations in the "CFR Table I" which pertain to the Bureau of Alcohol, Tobacco, & Firearms, tax payer must be charged with a crime relating to alcohol, tobacco, or firearms. "Ross's claim is wholly without merit. Section 7602 "authorizes the IRS to issue administrative summonses involving both the civil and criminal elements of the tax laws."); *In re Hopkins*, 192 B.R. 760, 763 (D. Nev. 1995) (citing *Pursell v. United States*, 1995 WL 273175, at * 5, n. 9 (E.D. Cal. Feb. 27, 1995) ("contentions that federal income statutes apply only to alcohol, tobacco, and firearm taxes [are] equally specious"). Whether Allen has actually violated any regulations is also irrelevant, as there is no probable cause requirement for enforcement of a summons. *See Powell*, 379 U.S. at 57; *United States v. Richards*, 431 F.Supp. 249, 252 (E.D. Va. 1977).

Allen next claims that this action is in retaliation to his administrative complaint against Revenue Agent Farley. However, there is no evidence of this. The purpose of this action is to determine whether Allen is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and 6701 during the period from January 1, 2005 through the present. (Farley Decl. ¶ 2.) Allen provides no other evidence of his claim, but merely claims that this enforcement action is in retaliation to the administrative complaint that he purportedly filed against Revenue Agent Farley. Allen attaches the administrative complaint, but that likewise does not demonstrate that the summons was

issued for any purpose other than to investigate whether Allen is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and 6701 during the period from January 1, 2005 through the present. In fact, that complaint simply makes conclusory allegations without providing any factual support and asserts many of the same frivolous jurisdictional claims set forth by Allen in his Affidavit. Furthermore, the administrative summons was issued to Allen on February 13, prior to his complaint against Revenue Agent Farley, and it appears that Allen drafted his complaint against Revenue Agent Farley in response to the summons.

     Allen further claims that the United States is somehow "attempting to abridge" his freedom of speech and freedom of association. Allen again fails to explain how or provide any facts supporting his claim. The documents sought by the summons are all relevant to determining whether Allen is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and 6701 during the period from January 1, 2005 through the present. (*See* Farley Decl. ¶ 2.) These Internal Revenue Code sections impose penalties for, among other things, organizing or promoting abusive tax shelters, aiding and abetting the understatement of another person's tax liability, and preparing tax returns for others that willfully or recklessly understate a taxpayer's tax liability. (*Id*.) For example, the summoned documents are relevant to determining who Allen's customers were so that their tax returns can be reviewed for accuracy and to determine what, if any, plans or arrangements Allen is marketing or selling and has sold to customers; to identifying the individuals or entities to whom commissions or fees were paid to determine with whom Allen was marketing and selling plans or arrangements; when payments were made to Allen by customers; which customers made payments to Allen; and whether the payments made by customers to Allen were made in connection with the sale of plans or arrangements. (*Id*. at ¶ 10.)

This summoned information is necessary and relevant to determine the amount of any possible penalties and the summons is narrowly tailored to obtain this information. Allen's conclusory allegations fail to demonstrate how enforcement of the summons would abridge his rights to speech and association, as Allen has not submitted any evidence supporting his claims, "although such showings are the minimum necessary in order to establish a prima facie case of infringement of First Amendment rights." *Dennis v. United States*, 660 F.Supp. 870, 874 (C.D.Ill.1987) (citing *United States v. Freedom Church*, 613 F.2d 316, 320 (1st Cir. 1979); *O'Neal v. United States*, 601 F.Supp. 874, 879-80 (N.D.Ind. 1985); *Holderbaum v. United States*, 589 F.Supp. 107, 112 (D.Colo.1984); *Voss v. United States*, 573 F.Supp. 957, 960-61 (D.Colo.1983)). *See also* Pragovich v. Internal Revenue Service, No. 08-00174 SPK-KSC, 2008 WL 2774433, * 5 (D. Hawaii July 16, 2008) (finding that party opposing summons enforcement "failed to satisfy his heavy burden to rebut the presumption of good faith" where he "has not demonstrated specifically how his associational and expression rights are chilled by the IRS investigation").

      Finally, Allen appears to allege that the summons violates his Fourth Amendment rights. However, a "summons is not overbroad for the purpose of the Fourth Amendment ban on 'unreasonable searches and seizures' if the inquiry is 'within the authority of the agency, the demand is not too indefinite[,] and the information sought is reasonably relevant.'" *United States v. Judicial Watch, Inc.*, 371 F.3d 824, 833 (D.C. Cir. 2004) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950); *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946)). "[I]n the case of an IRS summons, the Fourth Amendment is satisfied once the government has made a prima facie case." *Cypress Funds, Inc. v. United States*, 234 F.3d 1267,

2000 WL 1597833, *4 (6th Cir. October 20, 2000). *See United States v. First Nat. Bank of Mitchell*, 691 F.2d 386, 388 (8th Cir. 1982) ("An IRS summons issued in accordance with Powell does not violate the Fourth Amendment."); *Stites v. IRS*, 793 F.2d 618, 620-21 (5th Cir. 1986); *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985) ("Taxpayer's [F]ourth [A]mendment defense is easily disposed of. The enforcement of an IRS summons does not violate the [F]ourth [A]mendment as long as the IRS has complied with the *Powell* requirements."). Here, the United States has made its prima facie case and Allen has no defenses to the summons arising under the Fourth Amendment.

Therefore, because the United States has made its showing for enforcement of the summons, and Allen has not presented any meritorious defense, the Court should enter an order enforcing the IRS administrative summons issued to John Allen.

Dated: November 9, 2009

Respectfully submitted,

WILLIAM E. HUNT
Acting United States Attorney

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
U.S. Department of Justice, Tax Division
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

Attorneys for Petitioner
United States of America

## CERTIFICATE OF SERVICE

  IT IS HEREBY CERTIFIED that service of the foregoing document has been made upon the following non-participant in the Court's electronic filing system by U.S. Mail on November 9, 2009:

John Allen
c/o POB 2911
Zanesville, Ohio 43702

               s/ Daniel A. Applegate
              DANIEL A. APPLEGATE
              Trial Attorney, Tax Division