IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case no. 2:09cv852-EAS-NMK |
| JOHN ALLEN, | ) |
| Defendant. | ) |
| JOHN ALLEN, et al., | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Counter-Defendants. | ) |

**UNITED STATES' MOTION TO DISMISS COUNTERCLAIM**

The United States moves to dismiss the amended counterclaim filed by the counter-claimants on November 4, 2009 (docket no. 9) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**I. Background**

On September 29, 2009, the United States filed its Petition to Enforce an Internal Revenue Service Administrative Summons issued to Defendant, John Allen.  The Court set a hearing on the United States' Petition for November 20, 2009.  On October 27, 2009, Allen filed a counterclaim, naming the United States and various federal officials, which was amended on November 4, 2009 to add additional plaintiffs and requests for relief.

While the counter-claimants' allegations are, for the most part, incomprehensible, they appear to request that the Court: (1) award monetary damages for alleged "violations of rights" made by counter-defendants; (2) enjoin counter-defendants from "further harassing" counter-claimants; (3) dismantle "the federal corporation Defendant UNITED STATES" and "oust" the "Federal Reserve"; (4) terminate the employment of "all officers, officials and employees of Defendants involved in the actions complained of in this action"; and (5) order "special elections....to fill the necessary positions in the resurrected *de jure* original government."

## II.  Argument

The United States brought this proceeding to enforce an IRS administrative summons issued to John Allen to determine his possible liability for penalties.  Summons enforcement proceedings are summary in nature and for the sole purpose of insuring "that the IRS has issued the summons for a proper purpose and in good faith." *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003).  The Defendant, John Allen, has now filed a counterclaim in this summary proceeding, naming counter-plaintiffs who appear to lack standing, and which the Court should dismiss for lack of jurisdiction.

**A.**     **The Court Lacks Jurisdiction over the Amended Counterclaim**.

The counterclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (3) because it fails to allege a proper basis for subject matter jurisdiction and venue in this case.  The counterclaim does not allege jurisdiction or venue, or even attempt to explain how these other individuals have simply inserted themselves as "counterclaim plaintiffs" or have standing to sue the United States here.  Rather it merely states that the counter-claimants "are private Citizens in the private sector of America as well as some of the many holders of all inherent political power in America," that the counter-defendant "UNITED STATES is a federal

2

corporation under 28 USC 3002(15)(A)," and that the individual counter-defendants are a "Chief Executive Officer of the Internal Revenue Service, Inc.," a corporate officer of the United States, and an employee of the United States.

The United States, as a sovereign, is immune from suit unless specifically authorized by federal statute. *Lehman v. Nakshian*, 453 U.S. 156 (1981); *United States v. Shaw*, 309 U.S. 495 (1940). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed in an act of Congress. *United States v. Mitchell*, 445 U.S. 535 (1980). Such waivers of sovereign immunity must be strictly construed. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Soriano v. United States*, 352 U.S. 270 (1957)."Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920). These statutes are jurisdictional and limit the power of the federal courts to adjudicate claims against the United States. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Moreover, the counter-claimants have sued the individual counter-defendants in their official capacities. A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Bushway v. Bureau of Prisons*, 198 F.3d 244, 1999 WL 1021584, *1 (6th Cir. Nov. 2, 1999). The United States, as sovereign, is immune from suit unless it consents to be sued. *Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993).

The counter-claimants fail to set forth the basis for subject matter jurisdiction over this case. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. The party seeking to invoke the jurisdiction of the court has the burden of

establishing that jurisdiction exists. *Whittle*, 7 F.3d at 1262. Without a showing by the counter-claimants that the United States has waived its sovereign immunity and consented to jurisdiction in this matter, this Court has no jurisdiction. Counter-claimants appear to allege jurisdiction under 28 U.S.C. § 3002(15)(A). However, this statute merely defines terms used in the Federal Debt Collection Procedure Act and does not provide this Court with jurisdiction. *See Niamatali v. Sterling Sav. Bank*, No. CV-08-138-JLQ, 2008 WL 4622423, *3 (E.D. Wash. Oct. 17, 2008) ("This statute states that '"United States" means- a Federal corporation.' This statute defines terms used in the Federal Debt Collection Procedure Act, and does not provide a statutory basis for the waiver of sovereign immunity by the United States. Accordingly, this theory of jurisdiction fails."); *McKean v. United States*, 563 F.Supp.2d 182, 184 n.1 (D. D.C. 2008); *Reading v. United States*, 506 F.Supp.2d 13, 20 (D. D.C. 2007). Therefore, this Court lacks jurisdiction over the first amended counterclaim and the Court should dismiss it under Fed. R. Civ. P. 12(b)(1) .

The primary cause of action appears to be for damages, presumably - although not specifically pled - (based on the nature of the United States' Petition to Enforce an IRS Summons that initiated this action) related to the IRS administrative summons issued to John Allen.[1] No statute waives the United States' sovereign immunity for damage claims related to the issuance of a summons. Therefore, because the United States has not waived its sovereign immunity, the amended counterclaim should be dismissed.

Indeed, both the purported damage claim and the other causes of action for declaratory relief and seeking to enjoin the United States "from further harassing" the counter-claimants,

---

[1] The counterclaim does not describe the nature of the newly added "counterclaim plaintiffs" or any specific actions that allegedly gave rise to the counterclaim.

appear to be attempting to prevent the assessment (and possibly collection) of taxes. This counterclaim, therefore, is barred by both the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421. Pursuant to 28 U.S.C. § 2201(a), a federal district court has no power to enter a declaratory judgment "with respect to federal taxes." *See Dickens v. United States,* 671 F.2d 969, 970, 972 (6th Cir. 1982) (stating that a suit with respect to federal taxes is prohibited under the Declaratory Judgment Act, 28 U.S.C. § 2201). Further, the Anti-Injunction Act, 26 U.S.C. § 7421, prohibits lawsuits "for the purpose of restraining the assessment or collection of any tax..." with limited enumerated exceptions which are not relevant to this lawsuit.[2]

In addition to the enumerated exceptions to the Anti-Injunction Act, there is a narrow judicially created exception to the Anti-Injunction Act which is sometimes termed the *Williams Packing* exception. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). The

---

[2] The exceptions enumerated in 26 U.S.C. § 7421 relate to: tax assessed to gifts or trusts and against partnerships, review by the Tax Court of a notice of deficiency, adjustments made to partnership items, levies during the pendency of proceedings for refund, return preparer penalties, third-party wrongful levy actions, jeopardy assessments and situations where a responsible person has filed a bond within thirty days of assessment to ensure collection. 26 U.S.C. § 7421(a). The one exception that is tangentially related to the Allen summons, yet not relevant to the counterclaim, regards tax return preparer penalties under 26 U.S.C. § 6694. Under 26 U.S.C. § 6694(c), the return preparer penalty exception to the Anti-Injunction Act, a taxpayer who has been assessed penalties under § 6694 may bring a suit to prevent the United States from collecting on those penalties while a court's adjudication of the propriety of those penalties is pending. However, no suit to enjoin the United States from collection of § 6694 penalties may be brought until *after* notice and demand for payment has been made, and the taxpayer has paid 15% of the penalty imposed. Here, although the summons to John Allen seeks information related to potential tax return preparer penalties under § 6694, no penalties have yet been assessed against Allen, so he cannot argue that he is seeking injunctive relief under § 6694(c). Additionally, the relief apparently sought by the counter-claimants is not encompassed by § 6694(c), as they are not seeking to enjoin the United States from collection actions pending a determination regarding § 6694 penalties imposed, but rather, counter-claimants seek to enjoin the United States from "further harassing" counter-claimants, and the purported harassment is not described by counter-claimants.

*Williams Packing* exception allows a suit for injunctive relief where it is clearly shown that the government will not prevail and where the taxpayer has established that he has no other legal remedy and, if not enjoined, the taxpayer will suffer irreparable harm. *See id.* at 6-8; *Dickens*, 671 F.2d at 971-72. *See also Hansen v. United States*, 744 F.2d 658 (8th Cir. 1984) (holding that the taxpayer must show that under the most liberal view of the law and the facts, there is no possibility that the government could establish its claim and that irreparable harm would occur absent an injunction).

The Anti-Injunction Act specifically bars a lawsuit brought for the purpose of restraining the assessment or collection of any tax. The counter-claimants' claims do not fall under any of the enumerated statutory exceptions, nor do the counter-claimants allege any grounds for equitable relief. Therefore, the counterclaim should be dismissed for lack of subject matter jurisdiction.

The counterclaim seeks other frivolous relief over which the Court lacks jurisdiction, including asking the Court to dismantle "the federal corporation Defendant UNITED STATES" and "oust" the "Federal Reserve," terminate the employment of "all officers, officials and employees of [counter-]Defendants involved in the actions complained of in this action," hold "special elections....to fill the necessary positions in the resurrected *de jure* original government." The counter-claimants have not and cannot demonstrate that the Court has jurisdiction over such actions or the ability to grant such relief. Therefore, the Court lacks jurisdiction over this matter and should dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, because the counterclaim fails to state a claim upon which relief can be granted, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III.  Conclusion

Because the Court lacks jurisdiction over the counterclaim and the counterclaim fails to state a claim on which relief may be granted, the United States requests that the Court dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b).

Dated: November 19, 2009

Respectfully submitted,

WILLIAM E. HUNT
Acting United States Attorney


 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
U.S. Department of Justice, Tax Division
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

 Attorneys for Petitioner
 United States of America

**CERTIFICATE OF SERVICE**

  IT IS HEREBY CERTIFIED that service of the foregoing document has been made upon the following non-participants in the Court's electronic filing system by U.S. Mail on November 19, 2009:

John Allen
c/o POB 2911
Zanesville, Ohio 43702

Richard Lynn Glover
11094 Archer Street
Rosewood, OH 43070

  The following non-participants in the Court's electronic filing system do not have contact information on file with the Court:

Jerry P Rable

Kevin Thomas

Gerald Judy

Theresa Thomas

Charles Supplee

Carol J Askew

Donna Supplee

Sandra Vonderembse


                s/ Daniel A. Applegate
                DANIEL A. APPLEGATE
                Trial Attorney, Tax Division