FILED
JAMES BONINI
CLERK

2009 NOV 24  A 10: 37

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
85 Marconi Blvd.
Columbus, Ohio 43215

| | |
|---|---|
| UNITED STATES, | Case No. 2:09-cv-852 |
| Plaintiff, | Judge Sargus |
| vs. | Magistrate Judge King |
| John Allen, | |
| Respondent | |
| And | |
| John Allen; Charles & Donna Supplee; Kevin & Theresa Thomas; Sandra S. Vonderembse; Carol J. Askew; Gerald Judy; Jerry P. Rable; Richard L. Glover, J.Does 1-300, et al. | |
| Plaintiffs | |
| vs. | |
| UNITED STATES; Commissioner of Internal Revenue; Secretary of the Treasury; James C. Farley; and J. Does, | **Objections to UNITED STATES' Motion to Dismiss Counterclaim** |
| Defendants | |

Defendant UNITED STATES has submitted a Motion to Dismiss Plaintiffs' Counterclaim.

John Allen timely submits the following objections said motion.

Defendant UNITED STATES is asking the Court to dismiss Plaintiffs' Counterclaim for lack of jurisdiction and failure to state a claim.

Defendant UNITED STATES erroneously claims the Court lacks jurisdiction. The Court has jurisdiction under Article III of the Constitution for the United States of America.

1

Next, Defendant UNITED STATES erroneously states that Plaintiffs' Counterclaim fails to state a claim upon which relief can be granted.

Plaintiffs aver that the Counterclaim does indeed state claims for relief which can be granted. Since it appears that Defendant UNITED STATES is confused as to the claims, an Affidavit in Support of the First Amended Counterclaim is being filed immediately after these Objections.

Finally, Defendant UNITED STATES has erroneously stated that it is immune from suit. Defendant UNITED STATES has waived immunity under 26 USC 7609(b)(2):

Section 7609(b)(2) constitutes the government's consent to waive sovereign immunity and subject itself to a legal challenge in court. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (citations omitted). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957).

Additionally, as a federal corporation, Defendant UNITED STATES cannot claim immunity due to the Clearfield Doctrine.

Pursuant to the herein, the motion to dismiss counterclaim by Defendant UNITED STATES must be denied and this matter must proceed on the First Amended Counterclaim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2009

*John Allen* (signature)

John Allen
C/o POB 2911
Zanesville, Ohio 43702

## Certificate of Service

A true and correct copy of the foregoing has been served on the above date upon the following:

### By First Class U.S. Mail

Daniel A. Applegate
Attorney for Defendant UNITED STATES
U.S. Dept. of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044

James C. Farley
5990 West Creek Road
Independence, OH 44131

Commissioner of IRS
1111 Constitution Avenue, NW
Washington, D.C. 20224

Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, D.C. 20220

### Electronically

To all named Plaintiffs to protect their privacy and prevent any retaliation.

_____
John Allen

3