IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        Petitioner,

  vs.                                        Civil Action 2:09-CV-852
                                                  Judge Sargus
                                                  Magistrate Judge King

**JOHN ALLEN,**

        Respondent.

## REPORT AND RECOMMENDATION

The petition filed in this case to enforce an Internal Revenue Service summons under 26 U.S.C. §§7402 and 7604 was referred to the undersigned by *Order* dated October 5, 2009. Doc. No. 3. Because the *Declaration of Revenue Agent James Farley* submitted in support of the *Petition*, Exhibit 1, attached to *Petition*, Doc. No. 2, [hereinafter "*Farley Declaration*"] established a *prima facie* case for enforcement of the summons, *see United States v. Will*, 671 F.2d 963 (6th Cir. 1982), the respondent was provided the opportunity to respond to the petition for enforcement and to request an evidentiary hearing. *Order*, Doc. No. 3. Thereafter, respondent filed a *Motion to Dismiss Case and Quash Summons*, Doc. No. 6 [hereinafter "*Motion to Dismiss and to Quash*"], in which respondent makes almost no factual assertion, as well as a *Counterclaim*, Doc. No. 7, and an *Amended Counterclaim*, Doc. No. 9. The United States filed a *Motion to Dismiss Counterclaim*, Doc. No. 11. An evidentiary hearing was held on November 20, 2009, but respondent John Allen made no appearance. *See Minute Entry*, Doc. No. 13. [1] Review of the record, including respondent's filings, persuades this Court that the summons

---

[1] In his supplemental response to the motion to dismiss the counterclaims, respondent asserts that he had no notice of the evidentiary hearing. Doc. No. 19, at 2. The docket indicates that a copy of the *Notice of Hearing,* Doc. No. 4, was mailed to respondent at 1530 Richvale Rd., Zanesville, OH 43701.

must be enforced and that the counterclaims asserted by respondent must be dismissed.

Congress has authorized the issuance of an Internal Revenue Service summons in order to verify the correctness of a return, to make a return where none has been made, to determine the liability "of any person for any internal revenue tax," to collect any such liability, 26 U.S.C. §7602(a), "and to inquire into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. §7602(b). If the person summoned fails to obey the summons, the government may make application to the district court for enforcement of the summons. 26 U.S.C. §7604(a). *See also* 26 C.F.R. §301.7602 (implementing regulation). The court must enforce the summons if the United States establishes that the summons was issued for a legitimate purpose, sought information relevant to that purpose and not already in the possession of the Internal Revenue Service, and satisfied all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57 - 58 (1964).

On February 13, 2009, Revenue Agent Farley issued a summons directing John Allen to appear on March 16, 2009, and produce documents relevant to an investigation to determine whether he is liable for civil penalties under 26 U.S.C. §§6694, 6695, 6700 and 6701 in connection with allegedly abusive tax shelters and the preparation of others' tax returns for the period beginning January 1, 2005. *Farley Declaration,* ¶¶2 - 4. There has been no criminal Justice Department referral for this investigation, the documents sought are not already in the possession of the Internal Revenue Service and all administrative steps required by law for the issuance of a summons were taken. *Id*., ¶¶ 6 - 8. *See also* Exhibit 2, attached to *Petition*.

2

In his *Motion to Dismiss and to Quash*, respondent does not controvert the factual assertions made in the *Farley Declaration*. Respondent does contend that he is a citizen in "the private sector of America," that this Court is not a court under Article III of the United States Constitution, that the petitioner is a federal corporation within the definition of 28 U.S.C. §3002(15)(A), that the summons sought to be enforced is an "administrative summons" that is unenforceable against him in the absence of a contract between him and the Internal Revenue Service, that the action was filed in retaliation for a complaint filed by respondent against Revenue Agent Farley on February 17, 2009, *see* Exhibit A-1, attached to *Motion to Dismiss and to Quash*, that the action is fraudulent because respondent is not involved in alcohol, tobacco or firearms activities, that petitioner is attempting to abridge respondent's constitutional rights to free speech, association, privacy and to be secure in his house, papers and effects, that the action is not brought by the real party in interest as required by F.R.Civ.P. 17, and that respondent is immune under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §1602 *et seq.* [hereinafter "FSIA"], and the Eleventh Amendment to the United States Constitution. *Motion to Dismiss and to Quash*, ¶¶ 1 - 14. In his reply, Doc. No. 12, respondent also asserts that the summons cannot be enforced against him because he is a "nontaxpayer" and because no regulations have been implemented in connection with the purpose for which the summons was issued in this case.

Respondent's challenges to this Court's jurisdiction to consider the issues presented by this action and to the government's authority to enforce the Internal Revenue laws are frivolous. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) *(quoting United States*

*v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)); *see also Hogan v. United States*, 873 F. Supp. 80, 81 (S.D. Ohio 1994). Congress has expressly authorized the issuance of summonses in connection with the enforcement of the tax laws, *see* 26 U.S.C. §7602, and has conferred jurisdiction on this Court to consider issues surrounding the enforcement of such summonses, *see* 26 U.S.C. §7604. The statute does not limit the authority of the government to issue summonses only to taxpayers;[2] summonses may be issued to determine the tax liability of "any person." 26 U.S.C. §7602(a). Moreover, a summons may be issued by the Internal Revenue Service for the purpose of inquiring into "any [tax-related] offense," 26 U.S.C. §7602(b); this authority is not limited to offenses that involve alcohol, tobacco and firearms. *See also* 26 C.F.R. §301.7602.[3] Moreover, the fact that the summons at issue in this case is an administrative summons is immaterial and irrelevant, as is respondent's characterization of the United States as a federal corporation for purposes of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §3001 *et seq*.

Also frivolous is respondent's contention that the summons was issued in retaliation for a complaint filed by respondent against Revenue Agent Farley; respondent's own filings make clear that his complaint against Revenue Agent Farley was made after the summons was issued.

---

[2] The case relied upon by respondent in this regard, *Economy Plumbing & Heating Co., Inc. v. United States*, 200 Ct. Cl. 31 (1972), is inapposite. That case stands for the unexceptional proposition that a nontaxpayer cannot maintain an action for refund of overpaid taxes.

[3] Respondent argues that only the violation of a regulation – not a statute – may give rise to a civil or criminal penalty. *Reply*, at 2, Doc. No. 12. The cases cited by respondent for that proposition, *California Bankers Assn v. Shultz*, 416 U.S. 21 (1974); *United States v. Mersky*, 361 U.S. 431 (1960), which did not address the Internal Revenue Code, cannot be read as standing for that broad proposition.

4

*Compare* Exhibit 2, attached to *Petition*, *with* Exhibit A-1, attached to *Motion to Dismiss and to Quash*. *Cf. United States v. LaSalle Nat. Bank*, 437 U.S. 298, 316 (1978)(issuance of an IRS summons would constitute an abuse of process "if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation"). Respondent offers no factual evidence even suggesting that the Internal Revenue Service has abandoned "in an institutional sense . . . the pursuit of civil tax determination or collection." *Id.*

Respondent's conclusory assertions of constitutional deprivations, totally bereft of any factual support, are insufficient to overcome the government's right to enforcement of its summons. In any event, the First Amendment does not confer immunity from the operation of the federal tax laws, *United States v. Ramsey*, 992 F.2d 831, 833 (8th Cir. 1993), and "in the case of an IRS summons, the Fourth Amendment is satisfied once the government has made a *prima facie* case." *Cypress Funds, Inc. v. United States*, 234 F.3d 1267 (Table), 2000 WL 1597833, *4 (6th Cir., October 20, 2000).

Respondent's assertions of immunity are equally unavailing. The Eleventh Amendment to the United States Constitution confers immunity on states, not on individuals. *U.S. Const. amend. XI* ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). The FSIA divests American courts, in some instances, of jurisdiction over "foreign state[s]" and individuals acting in their official capacities on behalf of foreign sovereigns. 28 U.S.C. §§1603,

1604; *Keller v. Central Bank of Nigeria*, 277 F.3d 811, 815 (6th Cir. 2002). Respondent's invocation of the FSIA is, like his other arguments, wholly specious.

In sum, the Court concludes that petitioner has established grounds for enforcement of the summons and that respondent has presented no evidence or justification why the summons should not be enforced.

Respondent has also filed an *Amended Counterclaim*[4] in which he seeks declaratory, injunctive and monetary relief against the Secretary of the Treasury, the Commissioner of Internal Revenue and Revenue Agent Farley.[5] Respondent alleges in conclusory fashion that those federal officials have violated respondent's constitutional rights and have harassed and intimidated him. *Id.* The United States has moved to dismiss the claims asserted in the *Amended Counterclaim*. *Motion to Dismiss*, Doc. No. 11. Respondent opposes that motion. Doc. Nos. 14, 15, 19.

The United States, and its officials sued in their official capacity, are immune from suit unless the sovereign consents to be sued. *United States v. Sherwood*, 312 U.S. 584 (1941); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). *See also Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990)(suit against federal officials in their official capacity is a suit against the United States and is barred by sovereign immunity). Respondent offers no evidence that the United States has expressly consented to the assertion of the counterclaims against it or its officers but suggests that consent may be found in 26 U.S.C.

---

[4]The Court deems the filing of the *Amended Counterclaim* as superseding the *Counterclaim*.

[5]Although the *Amended Counterclaim* is purportedly brought in the names of respondent and a number of other persons, only respondent – who does not appear to be an attorney licensed to practice in this Court – has signed the pleading. The Court therefore construes the pleading as asserting claims only on behalf of respondent.

§7609(b)(2). That statute, however, merely authorizes a proceeding to quash an Internal Revenue summons; it does not authorize the assertion of the claims contained in the *Amended Counterclaim*. Respondent also refers to 5 U.S.C. §8715 as a source of jurisdiction. That statute, however, confers jurisdiction only to consider claims against the United States involving its employees' life insurance. Likewise frivolous is respondent's invocation of 18 U.S.C. §2712, which authorizes claims for damages arising out of the wilful violation of statutes governing access to electronic communications and transactions, and of 15 U.S.C. §1122, which expressly waives sovereign immunity in connection with claimed violation of trademark laws. Respondent also argues that the United States cannot claim immunity in connection with these claims by operation of the "Clearfield Doctrine." *Objections to United States' Motion to Dismiss Counterclaim*, at 2, Doc. No. 14. Although respondent's contention in this regard is not entirely clear, the Court assumes that respondent intends to refer to *Clearfield Trust Co. v. United States*, 318 U.S. 363, 369 (1943), a commercial case initiated by the United States. That case has no bearing on the proper disposition of the claims asserted in the *Amended Counterclaim.*

The Court therefore concludes that it lacks jurisdiction to entertain the claims asserted by respondent in the *Amended Counterclaim*.

It is therefore **RECOMMENDED** that the summons issued to respondent be **ENFORCED.** It is **FURTHER RECOMMENDED** that the claims asserted by respondent in the *Counterclaim* and in the *Amended Counterclaim* be **DISMISSED** for lack of subject matter jurisdiction.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,*

specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


December 31, 2009                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge