IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Petitioner, | : | Civil Action 2:09-cv-852 |
| v. | : | Judge Edmund A. Sargus, Jr. |
| JOHN ALLEN, | : | Magistrate Judge Norah McCann King |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Petitioner Untied States of America's Motion for Contempt was referred to the undersigned by Order dated August 1, 2011.  The hearing on the Motion was scheduled and convened for 10:00 A.M. on August 1, 2011.  Respondent John Allen, however, made no appearance at the hearing.  At that time, the Court indicated that it would issue a Report and Recommendation recommending that Respondent be held in contempt and sanctioned.

On August 4, 2011, however, Respondent filed a Motion to Stay.  In his Motion to Stay, Respondent indicates that he has been incarcerated since April 25, 2011 and has not been receiving his mail.[1]  He represents that he received notice of the Court's Order setting the hearing on the Motion for Contempt on August 2, 2011-- one day after the scheduled hearing.

The undersigned concludes that, under the circumstances, a finding of contempt is inappropriate.  The Court's docket at the time of the hearing was unclear as to whether

---

[1] Also on August 4, 2011, the copy of the Court's Order setting Plaintiff's Motion for Contempt for a hearing on August 1, 2011, which the Clerk had sent by certified mail addressed to Plaintiff's Zanesville residence, was returned as unclaimed.

Respondent had received notice of the hearing.[2]  At the time of the hearing, Petitioner could provide no information to verify that Respondent had received notice of the hearing.  Moreover, based on the representations in his Motion to Stay, the undersigned concludes that Respondent did not have proper notice of the August 1, 2011 hearing on Petitioner's Motion for Contempt.

Accordingly, it is therefore **RECOMMENDED** that Petitioner's Motion to Hold Respondent in Contempt be **DENIED WITHOUT PREJUDICE**, subject to reconsideration after Respondent has proper notice of any rescheduled evidentiary hearing.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

---

[2]The Court sent the Order setting the Motion for Contempt hearing on July 14, 2011 by certified mail.  The certified mail receipt had not been returned as of August 1, 2011.

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATE:     August 8, 2011                     /s/  *Elizabeth A. Preston Deavers*
                                             **ELIZABETH A. PRESTON DEAVERS**
                                             **UNITED STATES MAGISTRATE JUDGE**