UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:09-CV-852
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Norah McCann King

JOHN ALLEN,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss as Moot (Doc. No. 59), in which Defendant asks the Court to dismiss this action against him. The Court, however, has already determined that the case was properly brought against him and entered judgment in Plaintiff's favor. Defendant has filed an appeal, which is currently pending before the United States Court of Appeals for the Sixth Circuit.

In Defendant's motion he asks the Court to revisit its order that is currently on appeal. Consequently, Defendant's motion is in the nature of a request for relief from judgment. The Court recognizes that filings are to be construed by their substantive content and not by their labels. *Coleman v. Ohio State Univ. Med. Ctr.*, No. 11-0049, 2011 U.S. Dist. LEXIS 83813, at *6 (S.D. Ohio Aug. 1, 2011). It will therefore construe Defendant's request as one for relief from judgment under Rule 60(b) of the Federal Rules of Procedure.

A motion filed under Rule 60(b) for relief from judgment filed more that ten days after judgment is issued "does not affect continuity of prior-taken appeal" and "the pendency of appeal does not affect district court's power to grant Rule 60 relief." *Stone v. INS*, 514 U.S. 386, 401

1

(1995) (citation omitted). Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (c) provides in relevant part:

> Timing and Effect of the Motion.
> Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

In the instant action, the judgment was entered on June 10, 2010, over one year and nine months before Defendant filed his motion. The Court finds that this twenty one month delay in filing a motion for relief from judgment is unreasonable. There is nothing in Defendant's motion that provides any reason for such a delay.

However, even if the motion were timely it would still be denied because Defendant provides no valid reason for the Court to grant him relief. In his motion, Defendant submits that

this action is directed to matters related to Paul Churlik, about which he is not involved. Plaintiff, however, correctly points out that Defendant "misconstrues the nature of this action and the scope of the summons at issue[.]" (Doc. No. 60 at 1.) That is, in this action the Court has issued an order enforcing an Internal Revenue Service administrative summons issued to Defendant John Allen. The scope of the summons and purpose of the investigation is described in the Petition to Enforce and the Declaration of Revenue Agent James Farley. (Doc. No. 2.) Nowhere does the summons refer to Paul Churlik or limit its scope to documents regarding Paul Churlik, as Defendant contends.

Consequently, Court **DENIES** Defendant's motion. (Doc. No. 59.) The Clerk is **DIRECTED** to remove this motion from the Court's pending motions list.

**IT IS SO ORDERED.**

\_\_\_\_\_5-24-2012\_\_\_\_\_  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**

3